THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| GENEVA ROCK PRODUCTS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>QBE INSURANCE CORPORATION,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:23CV00424 DAK-DAO<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

This matter is before the court on Defendant QBE Insurance Corporation's ("QBE") Motion for Summary Judgment and on Plaintiff Geneva Rock Products, Inc.'s ("Geneva") Motion for Partial Summary Judgment. On June 18, 2025, the court held oral argument on the two motions. At the hearing, QBE was represented by Andrew L. Margulis and Heidi Goebel. Geneva was represented by Alan C. Bradshaw. At the conclusion of the hearing, the court took the matter under advisement. Now being fully informed, the court issues the following Memorandum Decision and Order granting QBE's Motion for Summary Judgment and denying Geneva's Motion for Partial Summary Judgment.

BACKGROUND

This is an insurance coverage action in which Geneva seeks coverage for two underlying employment matters (the "Underlying Matters") pursuant to a "claims-made" Employment Practices Liability insurance policy issued by QBE to Geneva's parent company, Clyde Companies, Inc. ("Clyde"). The policy was in effect from August 21, 2017, to August 21, 2018 (the "Policy Period"). QBE contends that Geneva did not give QBE timely notice of the claims in

1

the Underlying Matters, and therefore, the claims are not covered by the policy. Accordingly, QBE seeks summary judgment against Geneva (1) declaring that QBE has no obligation to provide insurance coverage, including both defense and indemnification, to Geneva for the Underlying Matters, and (2) dismissing Geneva's claims for breach of contract and declaratory judgment, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty.

Geneva, on the other hand, disagrees that it did not give timely notice, and it seeks partial summary judgment in Geneva's favor on its claims for breach of contract, breach of fiduciary duty, and declaratory judgment, including an award of partial damages of $4,532,017.84 for out-of-pocket payments made by Geneva to date. Geneva argues that its full damages and breach of good faith claim would then be resolved later and/or at trial.

## DISCUSSION

### A. The Underlying Claims

The claims in the Underlying Matters were first made against Geneva with the filing of EEOC/UALD charges by former employees of Geneva, Mr. Guzman and Mr. Emuveyan. Mr. Guzman filed his Charge of Discrimination on December 15, 2017, and later filed a lawsuit on October 29, 2018. Mr. Emuveyan filed his EEOC/UALD charge on January 3, 2018, and he filed a lawsuit on June 18, 2019.

QBE argues that Geneva first gave notice of the Underlying Matters to QBE on April 21, 2021, more than two and one-half years after the expiration of the QBE Policy Period, which failed to comply with the terms and conditions of the policy. Specifically, QBE maintains, the policy obligated Geneva to give notice to QBE of any claim no later than 60 days after the

expiration of the policy. Because Geneva first gave notice more than two years after the latest date by which it was required to notify QBE of the claims, QBE argues that it properly denied coverage for the Underlying Matters.

Geneva, however, contends that because the claims arose during the policy period, QBE cannot deny coverage based on alleged untimely notice unless it can show material prejudice.

**B.  The QBE Insurance Policy**

As Utah law requires for a claims-made policy, the first page of the QBE Policy states:

> **THE LIABILITY COVERAGE PARTS PROVIDE CLAIMS MADE COVERAGE, WHICH APPLIES ONLY TO CLAIMS FIRST MADE AGAINST THE INSUREDS DURING THE POLICY PERIOD. THE LIMIT OF LIABILITY TO PAY JUDGMENTS OR SETTLEMENT AMOUNTS SHALL BE REDUCED AND MAY BE EXHAUSTED BY PAYMENT OF DEFENSE COSTS. PLEASE READ THIS POLICY CAREFULLY.**[1]

Section V of the QBE Policy's General Terms and Conditions states, in part:

**V.    REPORTING**

A.    Notice of any Claim under any Liability Coverage Part is considered timely when reported to the Insurer as soon as practicable after the Parent Company's chief executive officer or chief financial officer first becomes aware of such Claim. The Insurer shall not assert that notice of a Claim was untimely unless the Insurer is materially prejudiced by the untimely notice. *However, in no event shall any notice be provided later than:*

  1.    *if the applicable Liability Coverage Part expires (or is otherwise terminated) without being renewed with the Insurer, 60 days after the effective date of such expiration or termination; or*

  2.    the expiration date of the Extended Reporting Period, if applicable.[2]

---

[1] Def.'s Mot. for Summ. J., Exhibit A, ECF No. 26-2 at 4. Page references in this memorandum decision refer to the page numbers assigned by CM/ECF when each document was filed, which is the page number that appears at the top of each page.

[2] *Id.* at 6 (emphasis added).

3

There is no dispute that Geneva did not renew the policy, and the policy expired on August 21, 2018.[3] Moreover, Section XII of the General Terms and Conditions of the QBE Policy provides as follows:

XII.   NOTICE

    A.   All notices to the Insurer under this Policy of any event, loss, Claim or circumstances which could give rise to a Claim *shall be given in writing to the address listed in Item 5A of the Declarations*, and any such notice shall be deemed notice under the Policy in its entirety.

    B.   All other notices to the Insurer under this Policy shall be given in writing to the address listed in Item 5B of the Declarations.

    C.   Any notice under this Policy shall be effective on the date of mailing or receipt by the Insurer, whichever is earlier.[4]

Item 5A of the Declarations of the QBE Policy states:

A.   Notice to Insurer of Claim or circumstance:

> QBE Insurance Corporation
> Attn: The Claims Manager
> Wall Street Plaza
> 88 Pine Street, 18th Floor
> New York, New York 10005
> Telephone: (877) 772-6771
> Email: professional.liability.claims@us.qbe.com[5]

QBE did not receive notice of the Underlying Matters until April 21, 2021—almost three years after the policy expired without being renewed on August 21, 2018. The court agrees with QBE that any interpretation of the Policy that allows Geneva to have given notice after that allotted time would be an impermissible expansion of coverage under Utah law and would render the reporting provision of the QBE Policy meaningless in contravention of black letter

---

[3] *Id.* at 4 (emphasis added).
[4] *Id.* at 8.
[5] *Id.* at 4.

Utah law. Geneva's failure to comply with the notice requirements of the QBE Policy preclude coverage.

**C. Claims-Made Policies**

Utah law exempts "claims-made" policies from the general rule that an insurer demonstrate prejudice in order to deny coverage based on late notice. This general rule regarding late notice and prejudice is set forth in Utah Code §31A-21-312, which provides that insurance policies issued in Utah must provide that failure to give notice within the time required does not invalidate coverage unless the insurer can show that it was prejudiced by the failure.[6] But Utah Code §31A-22-203 then excludes claims-made policies from the general notice-prejudice rules of §31A-21-312: "Subsection 31A-21-312(1) may not be construed to extend the normal provisions of any claims-made coverage that required notice of an occurrence or claim prior to the expiration of the policy for coverage to be in force."[7] While Section 31A-22-203 specifically references only Section 31A-21-312(1), the court finds that also applies to the prejudice requirement set forth in Section 31A-21-312(2).[8]

Geneva argues that the grace period provided in QBE's Policy in this case eliminates this policy as a "claims-made" policy and renders the notice/prejudice exception inapplicable. The court disagrees. While some claims-made policies may require notice during the policy period with no grace period, the court finds that QBE Policy's allowance of a grace period—the 60-day

---

[6] *See* Utah Code §§31A-21-312(1)(b), 31A-21-312(2).

[7] Utah Code. Ann. § 31A-22-203.

[8] *See Westport Ins. Co. v. Ray Quinney & Nebeker*, 2009 WL 2474005 (D. Utah Aug. 7, 2009), at *10.

grace period following expiration of the policy—does not change the nature of the policy as a claims-made policy that is exempt from the notice/prejudice requirements under Utah law.

**D. Notice to Beehive Insurance**

The court is also not persuaded by Geneva's argument that its purported Notice to its insurance broker of the Underlying Matters should be considered proper notice to QBE. Specifically, Geneva claims that it sent notice to Beehive Insurance Agency, its insurance broker, and that this Notice constituted notice to QBE. Not only would such notice fail to comply with the clear requirements of the QBE Policy, but Geneva has not provided any evidence that Beehive was authorized by QBE to accept Notice of claims on its behalf. Thus, this argument fails.

## CONCLUSION

Accordingly, QBE's Motion for Summary Judgment [ECF No. 26] is GRANTED, and Geneva's Motion for Partial Summary Judgment [ECF No. 30] is DENIED. QBE has no obligation to provide insurance coverage, including both defense and indemnification, to Geneva for the two Underlying Matters discussed above. Geneva's claims for Breach of Contract and Declaratory Judgment, Breach of the Implied Covenant of Good Faith and Fair Dealing, and Breach of Fiduciary Duty are DISMISSED with prejudice. Judgment will be entered accordingly.

DATED this 15th day of July 2025.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge